UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                  :
SANDY MACIAS,                                    :           20-CV-286 (ARR) (RER)
                                                  :
                Plaintiff,                        :           <u>NOT FOR ELECTRONIC</u>
                                                  :           <u>OR PRINT PUBLICATION</u>
    -against-                                   :
                                                  :
JZANUS LTD.,                                     :           **OPINION & ORDER**
                                                  :
                Defendant.                    :
                                                  X
-------------------------------------------------------------------

ROSS, United States District Judge:

In this action under the Federal Debt Collection Practices Act ("FDCPA"), defendant, Jzanus Ltd., moves to dismiss for lack of standing because plaintiff's Chapter 7 bankruptcy case was pending when the complaint was filed. Def.'s Mem. Supp. Mot. Dismiss 3–4 ("Def.'s Br."), ECF No. 12. Plaintiff, Sandy Macius, opposes, arguing she has standing now that her bankruptcy case is closed. Pl.'s Opp'n Mot. Dismiss 6–10 ("Pl.'s Opp'n"), ECF No. 14.[1] While I agree with plaintiff that she has standing to sue now, she lacked it when she filed her complaint and the statute of limitations likely has run since. Thus, I grant defendant's motion and dismiss the case without prejudice to plaintiff's refiling the complaint, at which point she may argue that the statute of limitations should be equitably tolled.

## BACKGROUND

Plaintiff received a letter from defendant dated January 19, 2019 seeking to collect a debt of $2,001.24 that she allegedly owed "Nyu Winthrop Hospital-Soarian." Debt Collection Letter 1,

---

[1] Plaintiff's name is spelled "Macias" in the caption and the complaint. *See* Compl., ECF No. 1. In her opposition to defendant's motion to dismiss, however, plaintiff spells her name "Macius." *See, e.g.*, Pl.'s Opp'n 1. I therefore use the latter spelling.

1

ECF No. 1-1 (annexed as Ex. 1 to Compl.); Compl. ¶ 31. On December 31, 2019, plaintiff commenced Chapter 7 bankruptcy proceedings in the U.S. Bankruptcy Court for the Eastern District of New York. *See* Chapter 7 Bankr. Pet. ("Bankr. Pet."), *In re Sandy Macius*, No. 19-47821 (ESS) (Bankr. E.D.N.Y. Dec. 31, 2019) ("Bankr. Docket"), ECF No. 1. In the Schedule A/B of her bankruptcy petition, plaintiff identified "FDCPA claims against debt collectors from collection letters statutory damages of one thousand dollars per claim & fees." *Id.* at 13. On January 16, 2020, she filed the instant FDCPA action. *See* Compl. In turn, she amended her Schedule A/B on February 19, 2020 to list this case by caption and number. *See* Am. Schedule A/B 5, Bankr. Docket, ECF No. 9. Plaintiff received a discharge order in her bankruptcy case on April 15, 2020, and the case then was closed. *See* Discharge Order, Bankr. Docket, ECF No. 11.

Defendant sought permission to file a motion to dismiss the instant case for lack of standing on February 14, 2020. Def.'s Pre-Mot. Conference Letter, ECF No. 8. After Judge Kovner granted such permission, defendant filed its motion on April 3, 2020. *See* Def.'s Br. Plaintiff filed her opposition on May 1, 2020, *see* Pl.'s Opp'n, and defendant filed its reply on May 15, 2020, *see* Def.'s Reply Mot. Dismiss, ECF No. 15. The case was reassigned to me as a related case on October 22, 2020. Order Reassigning Case (Oct. 22, 2020).

## LEGAL STANDARD

"[T]he proper procedural route [for bringing a standing challenge] is a motion under Rule 12(b)(1)." *Liberian Cmty. Ass'n of Connecticut v. Lamont*, 970 F.3d 174, 184 (2d Cir. 2020) (quoting *All. for Env't Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 88 n.6 (2d Cir. 2006) (alterations in original)). For purposes of such a motion, "[t]he plaintiff bears the burden of 'alleg[ing] facts that affirmatively and plausibly suggest that it has standing to sue.'" *Cortlandt St. Recovery Corp. v. Hellas Telecomm., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (quoting

*Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (alterations in original)). In evaluating those facts, I must "accept[] as true all material [factual] allegations of the complaint" and "draw[] all reasonable inferences in favor of the plaintiff," but I also may consider evidence outside the pleadings submitted by either party. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56–57 (2d Cir. 2016) (quoting *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003)). I "ordinarily" determine standing based on "the facts *as they exist when the complaint is filed*." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 569 n.4 (1992) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989) (emphasis added)); *see also Fed. Defs. of New York, Inc. v. Fed. Bureau of Prisons*, 954 F.3d 118, 126 (2d Cir. 2020) ("Under established standing doctrine . . . we evaluate whether the party invoking jurisdiction had the requisite stake in the outcome *when the suit was filed*." (emphasis in original) (citation and quotation marks omitted)).

## DISCUSSION

Beginning bankruptcy proceedings creates a bankruptcy estate, which encompasses "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). "[S]uch interests include causes of action possessed by the debtor at the time of filing." *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 484 (2d Cir. 2014). A debtor's FDCPA claims that accrued before the bankruptcy case began are causes of action that constitute property of the bankruptcy estate. *See, e.g.*, *Taylor v. Fin. Recovery Servs., Inc.*, 252 F. Supp. 3d 344, 350 (S.D.N.Y. 2017), *aff'd*, 886 F.3d 212 (2d Cir. 2018).

"A debtor or former debtor does not have standing to pursue claims that constitute property of a bankruptcy estate." *Tilley v. Anixter Inc.*, 332 B.R. 501, 507 (D. Conn. 2005) (citing *Seward v. Devine*, 888 F.2d 957 (2d Cir. 1989)). A debtor may obtain standing to bring those claims only if the bankruptcy trustee abandons them. *Id.* at 508. A trustee may abandon claims that constitute

3

property of a bankruptcy estate in two ways: "[(1)] through procedures requiring notice and a hearing . . . or [(2)] by failing to administer [the claims] before the close of the bankruptcy case." *Id*. (citing 15 U.S.C. § 554 (a)–(c)).

When plaintiff filed the instant action on January 16, 2020, her bankruptcy proceedings were ongoing. *See* Bankr. Pet. Thus, her FDCPA claims against defendant—which had accrued before she filed bankruptcy, *see* Debt Collection Letter—constituted property of the bankruptcy estate.[2] *See Crawford*, 758 F.3d at 484; *Taylor*, 252 F. Supp. 3d at 350. Accordingly, on that date, only the trustee had standing to pursue these claims unless he had abandoned them. *See Tilley*, 332 B.R. at 507.

Plaintiff does not assert that the trustee abandoned the instant FDCPA claims at any point by "g[iving] notice to creditors or h[olding] a hearing." *Id*. at 508. However, plaintiff does assert, and defendant does not dispute, that the trustee failed to pursue the claims before the bankruptcy case closed on April 15, 2020. Pl.'s Opp'n 8; Def.'s Reply 3–4. The trustee's failure to act by that date abandoned the claims by operation of law. *See Tilley*, 332 B.R. at 508. While this conferred standing on plaintiff to bring this case after April 15, 2020, it does not change the fact that she lacked standing when she filed the complaint on January 16, 2020. Because plaintiff had to have standing upon filing the complaint for me to have jurisdiction, *see Lujan*, 504 U.S. at 569 n.4; *Fed. Defs. of New York*, 954 F.3d at 126, I must grant defendant's motion to dismiss without prejudice to refiling.

Plaintiff notes that one court found it unnecessary to dismiss an FDCPA case without prejudice for lack of standing at the outset when the plaintiff later regained standing after his

---

[2] The parties do not dispute that plaintiff properly scheduled the instant claims in her bankruptcy action. Def.'s Reply 1.

4

bankruptcy proceedings closed. Pl.'s Opp'n 8 (citing *Dickon v. Rubin & Rothman, LLC*, No. 15-CV-7961 (JLL), 2016 WL 1337260 (D.N.J. Apr. 5, 2016)). The court in *Dickon* reasoned that the issue had become moot. *Dickon*, 2016 WL 1337260, at *4. Here, however, the issue is not moot because plaintiff's claims, if filed today, likely would be time-barred. The FDCPA sets a one-year statute of limitations that "begins to run on the date the alleged FDCPA violation actually happened." *Rotkiske v. Klemm*, 140 S. Ct. 355, 360 (2019); *see* 15 U.S.C. § 1692k(d). "[T]he latest date upon which the one year period begins to run is the date when a plaintiff receives an allegedly unlawful communication." *Brewi v. RMS-Recovery Mgmt. Servs., Inc.*, No. 18-CV-3966 (JMA) (AKT), 2020 WL 1866472, at *5 (E.D.N.Y. Jan. 13, 2020) (quoting *Somin v. Total Cmty. Mgmt. Corp.*, 494 F. Supp. 2d 153, 158 (E.D.N.Y. 2007)), *report and recommendation adopted* 2020 WL 746650 (E.D.N.Y. Feb. 14, 2020). The contested letter was dated January 19, 2019. Debt Collection Letter. While the complaint does not allege when plaintiff received the letter, it is unlikely that it took ten months to reach her.

On this point, plaintiff invokes two district court cases in this circuit that allowed FDCPA claims to proceed where the plaintiffs there lacked standing when they initially filed their cases but regained it after their bankruptcy cases closed, even though the statute of limitations likely had run by then. *See* Pl.'s Opp'n 8–10 (citing *Fedotov v. Peter T. Roach & Assocs., P.C.*, 354 F. Supp. 2d 471, 473 (S.D.N.Y. 2005); *Baptist v. Glob. Holding & Inv. Co.*, No. 04-CV-2365 (DGT), 2007 WL 1989450, at *7 (E.D.N.Y. July 9, 2007)). Neither is persuasive authority in this case. The court in *Fedotov* did not address whether plaintiff's lack of standing at the time of filing stripped it of jurisdiction over his FDCPA claims. Nor did it acknowledge that the statute of limitations likely had run by the time it issued its opinion. The court in *Baptist* did recognize that the plaintiff there lacked standing when the complaint was filed but determined that dismissal was not warranted

5

because "any deficiency in standing could be remedied through dismissal of this case without prejudice and plaintiff's refiling of the case." *Baptist*, 2007 WL 1989450, at *7. The court acknowledged in a footnote that plaintiff's claim, if refiled, potentially would be time-barred but posited that "the statute of limitations on plaintiff's FDCPA claim would in all likelihood be equitably tolled." *Id*. at *7 n.4. It concluded this because it found "the standing deficiency . . . appears to have been nothing more than a technical oversight." *Id*.

I agree that dismissing the instant case without prejudice for plaintiff to refile would remedy "any deficiency in standing." *Id*. at *7. But I am not convinced that the statute of limitations here "would in all likelihood be equitably tolled." *Id*. at *7 n.4. "[E]quitable tolling pauses the running of, or tolls, a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Benzemann v. Houslanger & Assocs., PLLC*, 924 F.3d 73, 82 (2d Cir.) (noting if the court applied equitable tolling to plaintiff's FDCPA claim, it would fail to meet the standard), *cert. denied*, 140 S. Ct. 82 (2019). Plaintiff's claims accrued at least several months before she began bankruptcy proceedings. *See* Debt Collection Letter; Bankr. Pet. She could have pursued those claims at any point during that time but waited until three days before the earliest date on which the statute of limitations could have run—which fell only two weeks into her bankruptcy proceedings. *See* Debt Collection Letter; Bankr. Pet.; Compl. In any event, plaintiff has not raised an equitable tolling argument beyond citing *Baptist*. Pl.'s Opp'n 10. Thus, I grant defendant's motion to dismiss the complaint for lack of standing without prejudice for plaintiff to refile, at which point she is free to argue the statute of limitations should be equitably tolled.

## CONCLUSION

For the foregoing reasons, I grant defendant's motion to dismiss without prejudice. The

Clerk of Court is directed to issue judgment accordingly and close the case.

SO ORDERED.

                                                                ____/s/_____
                                                                Allyne R. Ross
                                                                United States District Judge

Dated:       October 29, 2020
                Brooklyn, New York